16-2368-cr
*United States v. Torriero*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of October, two thousand seventeen.

PRESENT:   DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
           JANE A. RESTANI,
                    *Judge.*＊

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                          16-2368-cr

DONALD TORRIERO, AKA Sealed Defendant #2,
                    *Defendant-Appellant*,

JULIUS DESIMONE, AKA Sealed Defendant #1,
CROSS NICASTRO, AKA Sealed Defendant #3,
DOMINICK MAZZA, AKA Sealed Defendant #4,

---

＊ Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

MAZZA & SONS, INC., AKA Sealed Defendant #5,
                                    *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    THEKLA HANSEN-YOUNG (Allen M.
                                 Brabender, Todd W. Gleason, *on the brief*), *for*
                                 Jeffrey H. Wood, Acting Assistant Attorney
                                 General, Washington DC.

FOR DEFENDANT-APPELLANT:          DANIEL S. NOOTER, Washington, DC.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Donald Torriero appeals from an amended judgment of conviction entered June 30, 2016, requiring him to pay an additional $765,561 in restitution to the Environmental Protection Agency (the "EPA") for costs incurred in cleaning up a 28-acre property in Frankfort, New York (the "Frankfort site"). Torriero and others used the Frankfort site as an illegal landfill. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Torriero pled guilty in October 2012 to one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of wire fraud, in violation of 18 U.S.C.

2

§ 1343, and was sentenced in July 2013 to 36 months' imprisonment and restitution, jointly and severally with his co-defendants, in the amount of $492,494.44. Some $471,209.14 of the restitution was to reimburse the EPA for cleanup costs it incurred as of the sentencing date. In its restitution order, the court noted that the judgment could be amended to account for new cleanup costs. Torriero appealed his sentence, but not the restitution amount.

On appeal, Kenneth Moynihan, Esq., who represented Torriero in the district court proceedings and was assigned to represent him on appeal, moved to be relieved as counsel. Moynihan explained: "Mr. Torriero wants a new lawyer to handle his appeal because he wants to pursue a claim that I provided ineffective assistance of counsel below. I know, for example, that Mr. Torriero alleges that I coerced his plea on the first day of trial." S. App. at 465. By order entered November 4, 2013, this Court granted the motion, relieving Moynihan, and appointing new counsel for Torriero. On December 4, 2014, another panel of this Court affirmed Torriero's sentence.

On January 9, 2015, the United States moved in the district court to amend the restitution order to account for cleanup costs incurred after the sentencing. A hearing on the motion was set for April 29, 2015. By letter to the district court dated March 27, 2015, the government requested a "telephonic status conference." *Id*. at 416. The letter reported that the government had inquired of "all defense counsel currently listed on ECF to confirm they were still representing their respective clients," and that

> Mr. Moynihan advised that the Second Circuit relieved him of his representation and that he would no longer represent defendant Torriero. He did not respond to further inquiries as to who would be representing Mr. Torriero at the April 29, 2015 hearing or whether Mr. Torriero has received the relevant filings (let alone whether he intended to oppose).

*Id.*

On March 31, 2015, the district court issued an order granting the request for a telephonic status conference and directed the attorneys listed in the order -- including Moynihan as counsel for Torriero -- to provide their respective clients with copies of the relevant documents and, if they were not continuing to represent their clients, to "advise replacement counsel, if any, to file a notice of appearance." *Id.* at 419. The listed attorneys and "any newly-appearing counsel" were directed to participate in a telephone conference on April 14, 2015. *Id.*

The district court held a telephone conference on April 14, 2015. Torriero was not a party to the conference call, and it is not clear from the present record whether he was aware of the proceedings, as he was incarcerated at the time. The conference was not held on the record and no transcript exists of the proceedings. The docket entry notes that "Court and Counsel review status of repre[s]entation" and that the district court "directs Attorney[] Moynihan . . . be appointed for these proceedings."

On May 25, 2016, Torriero wrote a letter himself to the district court requesting new counsel.

4

On June 23, 2016, the district court held in a written order that Torriero waived his rights to be present at the restitution proceedings, denied the request for new counsel, and granted the government's motion to require Torriero to pay additional restitution. The district court entered an amended judgment against Torriero requiring an additional restitution payment of $765,561. Torriero timely appealed and was appointed new counsel after he again indicated that he wanted to raise an ineffective assistance of counsel claim against Moynihan, this time for "fail[ing] to put forward his defense to the government's affidavit in support of its motion to amend the judgment as to restitution." Attorney's Affirmation in Support of Motion to be Relieved, at 2, No. 16-2368, ECF No. 6.

Three questions are presented: (1) whether Torriero's Sixth Amendment right to counsel was violated by the reappointment of Moynihan to represent him in the restitution proceeding and the denial of Torriero's subsequent request for new counsel; (2) whether the district court abused its discretion in denying Torriero's application for expert services; and (3) whether the amended judgment is substantively unreasonable. We address the first two issues in turn and, for reasons set forth below, we decline to reach the third.

1.      **Sixth Amendment Right to Counsel**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S.

Const. amend. VI. The right to counsel includes "an absolute right under the Sixth Amendment to be represented by an attorney who has no conflict of interest." *United States v. Curcio*, 680 F.2d 881, 885 (2d Cir. 1982). "To ensure that this right to conflict-free counsel is not abridged, a district court has two distinct obligations during criminal proceedings: (1) to initiate an inquiry whenever it is sufficiently apprised of even the possibility of a conflict of interest, and (2) to disqualify counsel or seek a waiver from the defendant whenever the inquiry reveals that there is an actual or potential conflict." *United States v. Cohan*, 798 F.3d 84, 88 (2d Cir. 2015) (quoting *United States v. Rogers*, 209 F.3d 139, 143 (2d Cir. 2000)). Restitution proceedings are part of criminal prosecutions, and thus the Sixth Amendment right to conflict-free counsel applies to restitution proceedings as well. *See id.* at 89.

On this record, we are unable to determine whether there was an actual or potential conflict and, if so, whether Torriero waived the conflict. There was certainly the possibility of a conflict, as this Court granted a motion to relieve Moynihan in 2013 and appointed new counsel for Torriero. Indeed, Moynihan's motion cited a conflict of interest because Torriero intended to raise an ineffective assistance of counsel claim in part on the basis that Moynihan allegedly coerced him into pleading guilty. In its letter of March 27, 2015, the government thus "apprised" the district court of "the possibility of a conflict of interest," *id.* at 88, and the district court should have conducted a *Curcio* hearing to determine whether there was an actual or potential conflict and, if so,

6

whether Torriero knowingly and intelligently waived this conflict. *See Garcia v. Teitler*, 443 F.3d 202, 212 (2d Cir. 2006) (citing *United States v. Velez*, 354 F.3d 190, 198 (2d Cir. 2004)). As the April 2015 telephone conference was not transcribed and Torriero did not attend, it is unclear to what extent the district court considered the representation issues or whether Torriero waived any conflict before Moynihan was reappointed. For these reasons, we are unable to determine whether Torriero's right to counsel was violated.

Accordingly, we remand to the district court for clarification of the record with respect to the representation issues, to explain its reasons for reappointing Moynihan, and for further proceedings as may be appropriate.

**2.      Application for Expert Services**

The district court may appoint an expert for an indigent defendant pursuant to 18 U.S.C. § 3006A(e)(1) "when the defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *United States v. Durant*, 545 F.2d 823, 827 (2d Cir. 1976) (citation omitted). The defendant must show that the expert's services are "reasonably necessary" to an adequate defense. *Id*. We review a district court's decision to deny such funding for abuse of discretion. *United States v. Bah*, 574 F.3d 106, 118-19 (2d Cir. 2009).

Here, the district court denied Torriero's request for funding for expert services principally because of its conclusion that the request was untimely. The district court concluded that Torriero waited until May 10, 2016, when expert disclosures were due, to request funding for an expert. In fact, however, Torriero made an *ex parte* application for expert services on April 20, 2016, just a few days after Moynihan was reappointed to represent Torriero. Hence, Torriero's request was timely and the district court abused its discretion in denying the request on this basis.

Moreover, the district court never addressed whether expert services were "reasonably necessary" for an adequate defense. The government filed a computer-generated report of the costs associated with the clean-up, as well as an expert affidavit and over 5,000 pages of supporting documentation. In denying Torriero's request for an expert to analyze the costs submitted by the government, the district court only stated that "Torriero will not be prejudiced or his defense impaired by this Court's rejection of his untimely requests." App. at 244. The district court provided no analysis of whether an expert would be reasonably necessary for an adequate defense. While the government now asserts that none of the costs incurred by the EPA is "beyond the ability of the average attorney to analyze and assess," Government Br. at 30-31, the district court should have considered this issue in the first instance. We note that the district court clearly contemplated the need for expert services in this case, as it set a schedule for expert disclosures.

Accordingly, the district court abused its discretion in denying Torriero's request for expert services on the grounds that it was untimely, and we remand for the district court to determine whether the requested expert services were "reasonably necessary" to Torriero's defense.

3.      **Substantive Reasonableness**

As we are vacating the amended judgment for the reasons set forth above, we do not reach the issue of substantive unreasonableness.

A question arose at oral argument, however, as to the timeliness of the government's motion to amend the restitution order, and the district court should give the parties an opportunity to address this issue on remand.

. . .

Accordingly, we **VACATE** the judgment of the district court and we **REMAND** the matter for further proceedings consistent with this order.  Torriero's request for reassignment of the case on remand to a different judge is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk